[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue is this tax appeal is whether the defendant, Commissioner of Revenue Services (Commissioner), may disallow 8/23rds of the deductions claimed by the plaintiff, Eastman Kodak Company (Eastman Kodak), for commission expenses paid to its wholly-owned subsidiary, Eastman Kodak International Sales Corporation (EKISC), as expenses related to dividends.
The parties have stipulated to the following facts. Eastman Kodak is a corporation existing under the laws of the state of New Jersey with its principal place of business in Rochester, New York. During its income years ending December 31, 1992, December 31, 1993, and December 31, 1994 (the Refund Years), Eastman Kodak was doing business in Connecticut. Eastman Kodak timely filed corporation business tax returns and paid the taxes due on the returns. During the Refund Years, Eastman Kodak organized EKISC under the laws of Barbados as a wholly-owned foreign subsidiary. (Stipulation of Facts, paras. 1, 3-5.)
During the Refund Years, EKISC qualified as a foreign sales corporation (FSC) under Section 922(a) of the Internal Revenue Code of CT Page 6332 1986, as amended (I.R.C.) and either perform or contracted for the performance of activities necessary for the sale of Eastman Kodak's products in accordance with I.R.C. § 925(c). Eastman Kodak compensated its subsidiary, EKISC, for its services by paying commissions with respect to sales of export property pursuant to I.R.C. § 925. In preparing its federal tax returns during the Refund Years, Eastman Kodak deducted the commissions it paid to EKISC on its federal tax returns, as allowed by I.R.C. §§ 162 and 925. (Stipulation of Facts, paras 6-8.)
To the extent provided in I.R.C. § 923(a)(3) and § 291 (a)(4)(B), 15/23rds of the FSC commission expense was "exempt foreign trade income" when received by the FSC, and as such, was "foreign source income which is not effectively connected with the conduct of a trade or business within the United States" within the meaning of I.R.C. § 921(a). The ordinary effect of these I.R.C. provisions is to exempt from federal income tax 15/23 of the commissions paid to an FSC, and to subject to federal income tax 8/23 of the commissions paid to the FSC. For federal income tax purposes, a one hundred percent dividend received deduction is applied to any dividends received from the FSC, so that the parent corporation will ordinarily not pay a federal income tax on the dividends it receives from its FSC.
In 1984, Congress enacted the FSC provisions of the I.R.C. to provide tax incentives to U.S. businesses that engage in exporting American goods and maintain their job base in the United States. This concept was articulated in the Journal of State Taxation as follows:
 An FSC is generally set up as a subsidiary of the U.S. parent and acts as a selling agent for the U.S. exporter. The U.S. parent pays a commission to the FSC for its services. Generally, the FSC is set up in a tax haven country, so that it avoids tax in its home country. The FSC is required to file a U.S. tax return; however, the tax laws allows for an exemption for part of its commission income. The result is that the U.S. exporter receives a deduction for the full commission paid to the FSC, yet the FSC pays tax on only part of the commission income. When the dividend is repatriated back to the U.S. parent, the dividend qualifies for the full dividends-received deduction. Therefore, the parent's effective tax rate on export sales is lowered, and the parent realizes an approximate 15 percent permanent tax exemption on a portion of its export income.
CT Page 6333 K. Manzeck, "State Taxation of Foreign Sales Corporations," 16 Journal of State Taxation, No. 4 (Spring 1998), p. 22.
In preparing its Connecticut corporate business tax returns for each of the Refund Years Eastman Kodak deducted only 15/23rds of the commissions it paid to EKISC in each of those years. (Stipulation of Facts, para. 11.)
The parties have stipulated to the following chart, which sets forth: (i) the dividend income received by Eastman Kodak from EKISC, (ii) total commission expenses paid by Eastman Kodak to EKISC, and (iii) related expenses added back by Eastman Kodak on its original returns for the Refund Years with respect to EKISC, (since on its federal income tax returns the deduction would have been for the full 23/23 of the commissions paid to EKISC, Eastman Kodak added back 8/23 of such commissions as an expense related to dividends, leaving a net deduction of 15/23):
1992 1993 1994
Dividend Rec'd by $109,055,108 $74,477,359 $74,141,782 plaintiff from EKISC
Total Commission $120,779,326 $101,139,441 $128,488,714 expenses paid by plaintiff to EKISC
8/23 of expenses $42,010,200 $35,178,936 $44,691,727 with respect to EKISC added back by plaintiff on original return
(Stipulation of Facts, para. 12.)
Following the decision in SLI International Corp. v. Crystal,236 Conn. 156, 671 A.2d 813 (1996), Eastman Kodak timely filed amended Connecticut corporation business tax returns seeking a refund of taxes paid for the Refund Years in which Eastman Kodak had not deducted 8/23rds of the commission paid to EKISC on its original corporation business tax returns during the Refund Years. The amended return for income year 1992 claimed a reduction in taxable income for said year with a corresponding reduction in the amount of operating losses from prior years used to offset such income, and the amended returns for income years 1993 and 1994 claimed refunds of corporation business tax in the amounts of $44,580 and $28,663, respectively. (Stipulation of CT Page 6334 Facts, paras. 14, 15.)
The Commissioner denied Eastman Kodak's claim for a refund based on a policy, in effect since the late 1980s to disallow 8/23rds of the commissions paid by a corporation to a FSC owned by the paying corporation as a "expense related to dividends" under General Statutes § 12-217 (the "8/23 Rule"). This had the effect of subjecting 8/23 of an FSC's income to the corporation business tax. The 8/23 Rule has been applied regardless of whether the FSC paid any dividends to the commission paying corporation in the year of disallowance. In applying the 8/23 Rule, the Commissioner does not generally review the specific expenses incurred by the commission paying corporation, and in this case no review was made by the Commissioner of the specific expenses incurred by Eastman Kodak, as the commission paying corporation. In reviewing Eastman Kodak's amended returns for the Refund Years, the Commissioner presumed that all commission expenses paid by Eastman Kodak to the FSC were related to the dividends paid by the FSC to Eastman Kodak, and made no further inquiry into the nature of those expenses and applied the 8/23 Rule consistent with the Commissioner's policy. In its audit of Eastman Kodak's corporation business tax returns for income years 1991-1993, the Commissioner reviewed Eastman Kodak's expenses related to dividends from sources other than EKISC consisting of (i) a portion of the interest expense incurred by Eastman Kodak, plus (ii) a portion of the administrative expenses incurred by Eastman Kodak. (Stipulation of Facts, paras. 17-21.)
Eastman Kodak calculated the portion of the interest related to dividends received from sources other than EKISC in two steps. First, Eastman Kodak reported the portion of its interest expense attributable to income from subsidiaries, by multiplying Eastman Kodak's total interest expense times a ratio of (1) Eastman Kodak's average investment in subsidiaries, over (2) Eastman Kodak's average total assets. This ratio ranged from 7.9151% to 8.1364%. Second, this portion of the interest expense was then multiplied by an additional ratio to determine the portion of such expense attributable to dividend income from subsidiaries, as opposed to other income from subsidiaries. This ratio was determined by dividing (1) dividend income from subsidiaries, by (2) the aggregate dividend, royalty and interest income from subsidiaries. This ration ranged from 53.5711% to 85.9753%. Eastman Kodak calculated the portion of the administrative expense related to dividends received from sources other than EKISC by multiplying Eastman Kodak's administrative expenses times a ratio of (1) dividend income (from sources other than EKISC), over (2) gross income. This ratio ranged from 1.3847% to 5.7211%. The Commissioner reviewed these calculations on audit and made minor adjustments. (Stipulation of Facts, para. 21 (a)-(c).) CT Page 6335
As we have previously stated, during the Refund Years, the Commissioner had a policy to disallow 8/23 of commissions paid to an FSC, up to the amount of taxable income of the FSC as expenses related to dividends. We find no statutory basis for this rule, nor has any regulation been adopted pursuant to the Connecticut Uniform Administrative Procedures Act to establish this departmental policy. See General Statutes §§ 4-166 (13), 4-168; see also Salmon Brook v.Commission on Hospitals Health Care, 177 Conn. 356, 417 A.2d 358
(1979).
The Commissioner relies on Bolt Technology Corp. v. Commissioner ofRevenue Services, 213 Conn. 220, 567 A.2d 371 (1989), in which the Commissioner disallowed the deduction of commission expenses paid to the domestic foreign sales corporation (DISC) as an expense related to dividends, and the court affirmed this practice. The court in SLI, however, pointed out the fundamental difference between the DISC in BoltTechnology and the FSC in SLI in that a DISC was a paper corporation lacking economic substance whereas a FSC, in general, is not a paper corporation, has economic substance and operates at arm's length. SLIInternational Corp. v. Crystal, supra, 213 Conn. 174-75. The Commissioner's argument that there is no difference between a DISC and a FSC as to purpose and operation is misplaced.
As stipulated by the parties, the commissions paid by Eastman Kodak to EKISC were fully deductible for federal income tax purposes. Eastman Kodak is also entitled to deduct, for federal income tax purposes, the dividends it received from EKISC. See I.R.C. §§ 162, 245(c). EKISC is not subject to a Connecticut tax because it has no nexus with Connecticut nor does it have any apportionment of income fraction in Connecticut. However, as we have noted, EKISC, as a foreign sales corporation does have a federal income tax liability to the extent of 8/23rds of the commission payments received from Eastman Kodak. See I.R.C. § 923(a)(3) and § 291(a)(4)(B). We agree with Eastman Kodak that the reason for the 8/23 rule used by the Commissioner is to permit Connecticut to tax 8/23 of the income of EKISC as does the Federal government. As Eastman Kodak points out, the reason the Commissioner arbitrarily treats 8/23 of the commission expense paid by Eastman Kodak to EKISC as expenses related to dividends, is that the Commissioner is able to generate the same benefit as allowed by the federal government, i.e., 15/23 of FSC net income is not taxed. (See Stipulation of Facts, para. 18(b).) We see this rule as nothing more than a vehicle to permit the Commissioner to tax an FSC indirectly when it has no authority to impose the tax directly. Cf. Groppo v. Jacks,210 Conn. 277, 285-86, 554 A.2d 1061 (1989). Since we find no authority for the Commissioner to impose a tax on 8/23 of the income of Eastman CT Page 6336 Kodak by disallowing 8/23 of a deduction for commission payments as being related to dividends, Eastman Kodak's appeal must be sustained.
Accordingly, judgment may enter in favor of Eastman Kodak, without costs to either party. The Commissioner is ordered to refund to Eastman Kodak $73,243, with interest pursuant to General Statutes § 12-237.
Arnold W. Aronson Judge Trial Referee